**DONG LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1232–ag.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

Peter L. Quan, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Dong Li, a native and citizen of China, seeks review of a February 21, 2008 order of the BIA affirming the March 12, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Li,* No. A73 675 826 (B.I.A. Feb. 21, 2008), *aff'g* No. A73 675 826 (Immig. Ct. N.Y. City Mar. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one and supplements the IJ's decision, this Court reviews the IJ's decision as modified and supplement-

ed by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

As a preliminary matter, to the extent that Li attempts to challenge the merits of the BIA's 1996 decision, which denied his democracy movement claim, that decision is not properly before us. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Only the BIA's February 2008 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1). Li's argument that he established persecution based on his involvement in the democracy movement before this Court ignores the fact that the agency consistently treated his reopened proceedings as limited to his family planning claim, as Li himself did before the IJ on remand.

With respect to his family planning claim, Li argues that he should be deemed to have been persecuted based on his wife's forcible abortion and the detention of his mother for two days because of his opposition to the family planning policy. With respect to his mother's detention, Li contends that it constituted persecution of him because of the "psychological torture" he endured. Therefore, he asserts that he should be presumed to have a well-founded fear of persecution.

■ The record supports the BIA's finding that Li failed to establish past persecution or a well-founded fear of persecution. Li is not *per se* eligible for asylum or withholding of removal based on the forcible abortion of his wife or the detention of his mother because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007). To the extent Li's brief may be understood to argue that the police detained his mother in order to persecute him, that argument fails. Indeed, no evidence indicates that Li's mother was mistreated or threatened with mistreatment. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (upholding agency's determination that applicant had not been persecuted where applicant "was detained only briefly, and was not mistreated while in custody"). Therefore, the BIA properly found that Li failed to establish that he had been persecuted on that basis. *See Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007) (finding that harm to a family member as a means of targeting the applicant will only amount to persecution where the applicant "was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident").

■ Because the record supports the BIA's finding that Li failed to establish past persecution or a well-founded fear of persecution, the BIA properly affirmed the IJ's denial of his applications for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir.2004). Because Li fails to challenge the agency's denial of CAT relief, we deem that claim abandoned. *See Yueqing Zhang v. Gon-*

*zales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of voluntary departure in this petition is DISMISSED as moot.